# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**AARON FLEMONS**                                                                             **PLAINTIFF**
**ADC #119749**

**V.**                        **NO. 2:23-cv-00123-BSM-ERE**

**EMMA HATCHETT,** *et al.*                                              **DEFENDANTS**

## ORDER

*Pro se* plaintiff Aaron Flemons has filed a motion requesting that the Court stay the proceedings in this case pending a motion for disqualification. *Doc. 183*. For the following reasons, Mr. Flemons' motion is denied.

Mr. Flemons asks the Court to stay the proceedings in this lawsuit. He indicates that he seeks a stay pending the resolution of: (1) complaints of judicial misconduct that he has filed or plans to file with the Eighth Circuit; and/or (2) a motion that he intends to file seeking judicial disqualification. Mr. Flemons asserts there have been and continue to be numerous violations of "Judicial Codes of Conduct" in this case. *Doc. 183 at 1*.

Mr. Flemons is free to file a judicial complaint with the Eighth Circuit, but such proceedings do not provide a basis for staying this case. In addition, while Mr. Flemons has not specifically requested that either I or District Judge Miller recuse from this case, recusal is not required merely because he disagrees with a ruling and has or will file a judicial complaint against either or both of us.

A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A ruling "by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Finally, to the extent that my June 5, 2025 order precipitated Mr. Flemons' motion to stay the proceedings, as stated in that order, if Mr. Flemons believes that discovery issues have not been resolved, he should file a new motion to compel. If filed, the motion must: (1) describe the medical records he seeks to review that he has not already been permitted to review; (2) address Defendants' representation that the medical records have been and remain available for his review, but he has refused to comply with the ADC's established procedure for inmates to review their medical records;[1] (3) include a specific description of the video evidence he wants to review,

---

[1] Mr. Flemons complains that he is being required to sign a paper stating that he has reviewed documents before he has received the opportunity to review them. If Mr. Flemons has in fact refused to comply with ADC policy requiring that he sign paperwork before he can review

2

the dates the alleged video was taken, and the specific location(s) of the cameras that captured the video evidence; and (4) with regard to any requested video evidence, explain what he believes the video evidence will show that will help him prove his claims in this case.

IT IS THEREFORE ORDERD THAT Mr. Flemons' motion (*Doc. 183*) is DENIED.

DATED 24 June 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

medical documents, he should acknowledge that fact. Mr. Flemons should be aware that this Court is unlikely to alter the ADC's long-standing policy and practice requiring inmates to acknowledge they have been permitted to view their medical records.